UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| PERRY JESSIE LAW, | NO. C-07-0978-DLJ |
| Petitioner, | ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS |
| v | |
| JAMES D. HARTLEY, Warden, | |
| Respondent. | |

Petitioner Perry Jessie Law ("Petitioner"), a California state prisoner incarcerated at Avenal State Prison in Avenal, California, seeks a writ of habeas corpus under 28 U.S.C. § 2254 challenging the February 8, 2006 decision of the California Board of Parole Hearings ("BPH") to deny him parole. Respondent[1] James D. Hartley has filed an answer, to which Petitioner has replied. Having considered the papers submitted and the applicable law, the Court hereby DENIES the petition.

**I. BACKGROUND**

In 1980, Petitioner was convicted, in Fresno County Superior Court, of murder in the second degree, assault with a deadly

---

[1] Petitioner named Kathy Mendoza-Powers, the former warden of Avenal State Prison, as Respondent. James D. Hartley has replaced Mendoza-Powers as warden. Federal Rule of Civil Procedure 25(d) allows the successor of a public office to automatically be substituted as a party. Accordingly, the clerk is directed to change the name of Respondent to James D. Hartley.

weapon, and false imprisonment. He was sentenced to an indeterminate term of fifteen years to life in state prison.

Petitioner has been found not suitable for parole on six previous occasions. On February 8, 2006, the BPH again found him not suitable for parole and denied him a subsequent hearing for two years. Petitioner challenged the BPH's February 8, 2006 decision in the state courts. After the Supreme Court of California denied his final state habeas petition, the instant petition for a writ of habeas corpus followed.

## II. LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified under 28 U.S.C. § 2254, provides "the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the [p]etitioner is not challenging his underlying state court conviction." White v. Lambert, 370 F.3d 1002, 1009-10 (9th Cir. 2004). Under AEDPA, this court may entertain a petition for habeas relief on behalf of a California state inmate "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The writ may not be granted unless the state court's adjudication of any claim on the merits: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Under this deferential

standard, federal habeas relief will not be granted "simply because [this] court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 411 (2000).

While circuit law may provide persuasive authority in determining whether the state court made a decision contrary to, or made an unreasonable application of Supreme Court precedent, the only definitive source of clearly established federal law under 28 U.S.C. section 2254(d), rests in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. Id. at 412; Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir. 2003).

### III. DISCUSSION

Petitioner claims that the BPH's February 8, 2006 decision does not comport with due process. Petitioner first argues that the BPH improperly based its decision on the historical facts of his commitment offenses and of other offenses in his past criminal history, and that this evidence cannot be considered to be reliable evidence that he poses a current danger to society. Petitioner asserts as well that the length of his incarceration is disproportionate to the crime for which he was convicted, which results in a violation of the Eighth Amendment to the Constitution. Petitioner also claims that his parole denial was based on his status as an alcoholic in violation of the Sixth and Eighth Amendments to the Constitution.

California's parole scheme "gives rise to a cognizable liberty interest in release on parole which cannot be denied without

adequate procedural due process protections." Sass v. California Bd. of Prison Terms, 461 F.3d 1123, 1128 (9th Cir. 2006); McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002). "The liberty interest is created, not upon the grant of a parole date, but upon the incarceration of the inmate." Biggs v. Terhune, 334 F.3d 910, 914-15 (9th Cir. 2003).

There are two relevant aspects to Petitioner's liberty interest in parole. First, Petitioner must have been afforded an opportunity to be heard by the BPH, and he must have been informed of the reasons why he failed to qualify for parole. Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 16 (1979). The record shows that the BPH afforded Petitioner and his counsel an opportunity to speak and to present their case at the hearing, gave them time to review Petitioner's central file, allowed them to present relevant documents and provided them with a reasoned decision in denying parole. The Court finds that the facts comport with the requirements of Greenholtz.

Second, there must be "some evidence" in support of the BPH's decision. Sass, 461 F.3d at 1125. The "some evidence" standard is deferential, but it is meant to ensure that "the record is not so devoid of evidence that the findings of [the BPH] were without support or otherwise arbitrary." Superintendent v. Hill, 472 U.S. 445, 457 (1985). Determining whether this requirement is satisfied "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Id. at 455-56. What constitutes "some evidence" is determined according to state law. Irons v. Carey, 505 F.3d 846, 851 (9th Cir. 2007).

In finding Petitioner unsuitable for parole, the BPH explained that it found that the crime of conviction was carried out "in an especially cruel and callous manner, [with] multiple victims, one being murdered, and others being terrorized, held against their will." This combined with the fact that Petitioner had a "previous record of violence and within his own family a confrontation" in which a police officer was shot, combined to support their determination that he was currently ineligible for parole. Hr'g Tr. Decision at pgs 2-3. (Resp't Ex. 1). This evidence is sufficient to meet the required legal standard of "some evidence."

The state superior court and court of appeal upheld BPH's decision, and the California Supreme Court summarily affirmed. Law has not demonstrated that these decisions were contrary to, or an unreasonable application of clearly established federal law. Nor has Law demonstrated that these decisions were based on an unreasonable determination of the facts. Law has also not demonstrated that an independent review of the record reveals the state court decisions to be objectively unreasonable. Accordingly, this claim lacks merit.

Petitioner also claims that his denial of parole due to his status as an alcoholic violates his rights under the Sixth and Eighth amendments to the Constitution. Section 504 of the Rehabilitation Act protects any "otherwise qualified individual" from "be[ing] excluded from the participation in, be[ing] denied the benefits of, or be[ing] subjected to discrimination" under specified programs "solely by reason of her or his disability." 29 U.S.C. § 794(a). As noted above, as Petitioner's denial was based on the circumstances of the crime committed, he is not "otherwise

1 qualified" for release.

2     Upon review of the record, the Court concurs that Petitioner's
3 record during prison is exemplary.  Were this Court in a position
4 to make a determination of the appropriateness of parole, perhaps
5 it would reach a different conclusion than the Parole Board has
6 thus far; however, this Court's constitutional role is merely to
7 determine whether the Parole Board's decision is supported by some
8 evidence, and it is, ending this Court's analysis.

9
10                               IV. CONCLUSION
11     For the reasons set forth above, the petition for a writ of
12 habeas corpus is DENIED.

13
14
15     IT IS SO ORDERED.

16
17 DATED: April 15, 2009

18                                               _____
19                                               D. Lowell Jensen
                                              United States District Judge